IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| GLENN RODNEY WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL SECURITY AGENCY, | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION, TODD MCCALL, | ) | |
| BILL OLDHAM, CENTRAL | ) | No. 16-cv-2149-JDT-tmp |
| INTELLIGENCE AGENCY, DANIEL | ) | |
| DREYSEN, ANTHONY TURNER, THE | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, STEVE COHEN, JIM | ) | |
| STRICKLAND, and MEMPHIS | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | | |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court are three motions to dismiss. The first was filed by United States Congressman Steve Cohen on May 10, 2016. (ECF No. 28.) The second was filed by the United States on behalf of the National Security Agency ("NSA"), the Federal Bureau of Investigation ("FBI"), the Central Intelligence Agency ("CIA"), the Department of Homeland Security ("Homeland Security"), and FBI Special Agent Todd McCall, on May 11, 2016. (ECF No. 29.) The third was filed by Shelby County Sheriff Bill Oldham on May 31, 2016. (ECF No. 32.) Pursuant to Administrative Order No. 2013-05, this case has been referred to

the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, the court recommends that all three motions to dismiss be granted and that Wright's complaint be dismissed in its entirety.

## I. PROPOSED FINDINGS OF FACT

On March 4, 2016, Wright filed a *pro se* complaint alleging violations of his civil rights under 42 U.S.C. § 1983 against Congressman Cohen, the NSA, the FBI, the CIA, Homeland Security, Special Agent McCall, and Sheriff Oldham (collectively "Defendants"), in addition to four other defendants. (ECF No. 1.) As best as the court can tell, Wright alleges in his complaint that he has been the target of illegal surveillance. Wright states that he is a "threatened individual" who has experienced burns to his bones and his eardrums from a "psychotronic neurophone assault weapon" since 1998. With respect to the relief sought, Wright requests the following:

> Meet me in Washington D.C. 7 months from now and explain before Congress why from 1993-1998 they couldn't conclude my being investigated and from 1998 through 2016 my life is for use of bait by HAARP/U.S. wartime disarment laser and reading satellite surveillance issues.com and explain the reason my body is constantly being burnt by psychotronic neurophone low and high [illegible] voice amps and laser flesh and bone burns.[1]

---

[1] In 2011, Senior United States District Judge James D. Todd issued an order prohibiting Wright from filing "any other case in any federal court in which he seeks to assert claims

- 2 -

In response to Wright's complaint, Defendants filed the present motions to dismiss. In their motions, Defendants argue that Wright's complaint fails to state a claim upon which relief may be granted and that his allegations are so frivolous that the court lacks subject matter jurisdiction.[2]

## II. PROPOSED CONCLUSIONS OF LAW

In assessing whether the complaint in this case states a claim on which relief can be granted pursuant to Rule 12(b)(6), the court applies the standards outlined in Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"

---

concerning satellite or internet transmissions or surveillance unless he pays the entire [] civil filing fee in advance." Wright v. Carter, No. 10-2634, ECF No. 4, at *10 (W.D. Tenn. July 21, 2011); see also Wright v. Mason, No. 15-2401-JDT-tmp, ECF No. 11, at *4 n.1 (W.D. Tenn. Feb. 10, 2016) (restating restrictions imposed on Wright's filing privileges). In the present case, Wright paid the $400.00 civil filing fee. (ECF No. 4.) As such, he was given blank summons in order to effect service, pursuant to Local Rule 4.1(b)(1). (ECF No. 5.)

[2]The Defendants raised several other arguments as to why Wright's complaint should be dismissed, including sovereign immunity, lack of standing, the Speech and Debate Clause, and failure to exhaust administrative remedies. Although these arguments also have merit, the court need not address them separately because, as explained below, the complaint is frivolous and devoid of any merit.

Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). However, allegations that simply state conclusions "are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423

F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

The only cause of action alleged in Wright's complaint is based on 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). The NSA, the FBI, the CIA, and Homeland Security are all federal agencies or departments. Additionally, Congressman Cohen is a federal official and Special Agent McCall is a federal agent. "[F]ederal agencies and employees act under color of federal law and, therefore, are not subject to suit under § 1983." Williams v. City of Memphis, No. 14-2767-JDT-tmp, 2015 WL 808456, at *6 (W.D. Tenn. Feb. 25, 2015); see also Franklin v. Henderson, 15 F. App'x 205, 207 (6th Cir. 2001); Habtemariam v. Adrian, 182 F.3d 917, at *2 (6th Cir. 1999). As to the remaining defendants

(Sheriff Oldham, Daniel Dreysen, Anthony Turner, City of Memphis Mayor Jim Strickland, and the Memphis Police Department), the body of Wright's complaint does not mention these parties, much less explain how they relate to his § 1983 claim. As such, the court finds that Wright has failed to state a claim upon which relief may be granted as to all defendants. The court further finds that no amendment to the complaint could cure these deficiencies.

In addition, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see also Wagenknecht v. United States, 533 F.3d 412, 417 (6th Cir. 2008); Walker v. City of Memphis, No. 15-cv-2340-JDT-tmp, 2015 WL 3852846, at *3 (W.D. Tenn. May 28, 2015). As detailed previously, Wright's complaint presents a narrative of events that are implausible, frivolous, and devoid of merit.[3] Therefore, the court also recommends that the complaint be dismissed pursuant to Rule 12(b)(1).[4]

---

[3]Wright has filed numerous lawsuits alleging similar frivolous claims in this court and other courts in the past. See Wright v. Mason, No. 15-2401-JDT-tmp, ECF No. 11, at *3 (W.D. Tenn. Feb. 10, 2016) (dismissing Wright's claims about satellite voice

## III. RECOMMENDATION

For the reasons above, it is recommended that Defendants' motions to dismiss be granted and that Wright's complaint be dismissed in its entirety.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 10, 2016
Date

---

amps as "implausible, frivolous, and devoid of merit"); Wright v. Dallas TX Nat'l Sec., No. 3:13-CV-4123-G, 2013 WL 5967756, at *1 (N.D. Tex. Nov. 8, 2013) (dismissing as frivolous Wright's complaint "related to the use of lasers and satellites by representatives of the government and churches"); Wright v. Haslam, No. 3:13-CV-1042, 2013 WL 5603845, at *1 (M.D. Tenn. Oct. 11, 2013) (dismissing Wright's claims about being stalked by a government satellite); Wright v. Memphis DEA, No. 11-2584-JDT-tmp, ECF No. 6, at *2 (W.D. Tenn. June 1, 2012) ("This is yet another case about satellite surveillance filed by this frequent filer of meritless litigation."); Wright v. Nat'l Comm'n Reform, No. 11-2045-JDT-cgc, ECF No. 5, at *2 (W.D. Tenn. Aug. 4, 2011) ("Plaintiff has filed another mostly unintelligible and incoherent complaint alleging that he is bombarded with voices broadcast by satellites."); Wright v. Carter, No. 10-2634, ECF No. 4, at *9 (W.D. Tenn. July 21, 2011) (dismissing Wright's complaint and noting that he "filed almost eighty (80) cases in this district since the fourth quarter of 2009").

[4]The court notes that three of the defendants served have not yet filed responsive pleadings. Additionally, based on a review of the docket it appears that one of the named defendants has not yet been served. However, because Wright's claims are completely devoid of merit, the court recommends that the claims against these defendants likewise be dismissed.

NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**