IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GLENN RODNEY WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2149-JDT-tmp |
| | ) | |
| NATIONAL SECURITY AGENCY, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION,
DISMISSING COMPLAINT,
IMPOSING PRE-FILING RESTRICTION ON PLAINTIFF,
CERTIFYING AN APPEAL BY PLAINTIFF WOULD NOT BE
TAKEN IN GOOD FAITH AND
DENYING PLAINTIFF LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 12, 2015, Plaintiff Glenn Rodney Wright, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on the form used for commencing an action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has sued the National Security Agency ("NSA"); the Federal Bureau of Investigation ("FBI"); FBI Special Agent in Charge Todd McCall; Shelby County Sheriff Bill Oldham; the Central Intelligence Agency ("CIA"); Daniel Dreysen and Anthony Turner, who may be employees of the Shelby County Sheriff's Office; the Department of Homeland Security ("DHS"); U.S. Congressman Steve Cohen; Memphis Mayor Jim Strickland; and the Memphis Police Department ("MPD"). Process for the Defendants was issued in accordance with Local Rule 4.1(b)(1) and delivered to Plaintiff for service. (ECF Nos. 6 to 16.)

Defendant Cohen filed a motion to dismiss on May 10, 2016. (ECF No. 28.) On May 11, 2016, the United States filed a motion to dismiss on behalf of the federal agency Defendants and Defendant McCall. (ECF No. 29.) Defendant Oldham also filed a motion to dismiss or for judgment on the pleadings on May 31, 2016. (ECF No. 32.)[1] Plaintiff did not respond to any of the Defendants' motions. On June 10, 2016, U.S. Magistrate Judge Tu M. Pham issued a Report and Recommendation ("R&R") in which he recommended granting the motions to dismiss as well as dismissing the claims against the remaining Defendants. (ECF No. 33.) Objections to the R&R were due within fourteen days, on or before June 27, 2016. *See* Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(d). However, Plaintiff has filed no objections.

Magistrate Judge Pham summarized the allegations in Plaintiff's complaint: "Wright alleges in his complaint that he has been the target of illegal surveillance. Wright states that he is a 'threatened individual' who has experienced burns to his bones and his eardrums from a "psychotronic neurophone assault weapon" since 1998." (ECF No. 33 at 2.) The only relief sought is Plaintiff's request that the Defendants:

> Meet me in Washington D.C. 7 months from now and explain before Congress why from 1993-1998 they couldn't conclude my being investigated and from 1998 through 2016 my life is for use of bait by HAARP/U.S. wartime disarment laser and reading satellite surveillance issues.com and explain the reason my body is constantly being burnt by psychotronic neurophone low and high [illegible] voice amps and laser flesh and bone burns.

(ECF No. 1 at 3.)

The Magistrate Judge concluded that Plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983, which requires a plaintiff to allege both a violation of rights under the Constitution

---

[1] Defendants Dreysen, Turner, Strickland and the City of Memphis have not responded to the complaint, and it is unclear whether they have been sufficiently served with process.

and laws of the United States and that the defendant acted under color of state law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Plaintiff also fails to state a claim under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against any defendant acting under color of federal law. In fact, there are no specific allegations against any named defendant. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Magistrate Judge also found that the allegations in the complaint are so "implausible, frivolous, and devoid of merit" that they fail to provide a sufficient basis for the exercise of the Court's subject matter jurisdiction. (ECF No. 33 at 6 (citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).) Thus, he has recommended dismissing the complaint in its entirety under Federal Rule of Civil Procedure 12(b)(1).

The Court agrees with Magistrate Judge Pham's analysis and his recommendation of dismissal for failure to state a claim and for lack of subject matter jurisdiction. Therefore, the Court ADOPTS the R&R. Defendants' motions to dismiss are GRANTED, and all claims against the remaining Defendants are also DISMISSED.

As the Court noted in an order dismissing another of Plaintiff's *pro se* complaints, *Wright v. Mason*, No. 15-2401-JDT-tmp, 2016 WL 552400 (W.D. Tenn. Feb. 10, 2016), Plaintiff previously filed 82 separate complaints in this district, all with allegations similar to those in this case, *id.* at *2 n.1. In each of those cases, Plaintiff was allowed to proceed *in forma pauperis*. However, the Court ultimately restricted Plaintiff's filing privileges, prohibiting him from filing any case in federal court complaining about satellite or internet transmissons or surveillance unless he paid the filing fee. *See Wright v. Carter*, No. 10-2634-JDT-tmp, slip. op. at 9-11 (W.D. Tenn. July 21, 2011).

3

Plaintiff filed no further cases in this district until he filed the complaint in *Wright v. Mason*, no. 15-2401, on June 12, 2015.[2] In both that case and in this case, Plaintiff paid the civil filing fee.

It is apparent that merely restricting Plaintiff's ability to file *in forma pauperis* has not succeeded in curbing his propensity for filing vexatious and frivolous litigation. Therefore, the Court finds that a pre-filing restriction is warranted. **Before filing any new action in this district complaining about satellite or internet transmissions or surveillance, Rodney Glenn Wright**

---

[2] Plaintiff did, however, file at least 18 more cases with similar allegations in various other federal courts, including the Middle District of Tennessee: *Wright v. Haslam*, No. 3:13-cv-01045 (M.D. Tenn. Oct. 2, 2013) (dismissed as frivolous); *Wright v. Transp. & Infrastructure Ind*, No. 3:13-cv-00284 (M.D. Tenn. Apr. 17, 2013) (dismissed for improper venue); the Southern District of Ohio: *Wright v. Homeland Sec./NSA-Ohio*, No. 1:14-cv-00116-MRB-KLL (S.D. Ohio Mar. 4, 2014) (dismissed for failure to state a claim); the Western District of Oklahoma: *Wright v. Alexander*, No. 5:13-cv-01213-C (W.D. Okl. Dec. 12, 2013) (dismissed for failure to state a claim), *aff'd*, No. 13-6299 (10th Cir. May 22, 2014); *Wright v. NSA*, No. 5:13-cv-01170-HE (W.D. Okla. Nov. 4, 2013) (dismissed for failure to state a claim), *app. dismissed*, No. 13-3600 (10th Cir. Mar. 18, 2914); the Northern District of Illinois: *Wright v. United States*, No. 1:14-cv-1487 (N.D. Ill. May 20, 2014) (dismissing for lack of jurisdiction); the Northern District of Alabama: *Wright v. Turner*, No. 2:14-cv-00001-SLB (N.D. Ala. Feb. 19, 2014) (dismissed as frivolous); *Wright v. Bently*, No. 2:14-cv-00016-KOB (N.D. Ala. Feb. 18, 2014) (dismissed for failure to prosecute); the Southern District of Mississippi: *Wright v State of Mississippi*, No. 3:14-cv-00182-HTW-LRA (S.D. Miss. May 27, 2014) (dismissed for lack of jurisdiction and for failure to state a claim); the District of Columbia: *Wright v. United States Labor Workforce/Nat'l Sec.*, No. 1:14-cv-00147-UNA (D.D.C. Jan. 30, 2014) (dismissed for failure to state a claim); the Western District of Texas: *Wright v. Perry*, No. 5;14-cv-00855-OLG (W.D. Tex. Nov. 13, 2014) (dismissing as frivolous and imposing restrictions on filing); *Wright v. Williams*, No. 5:14-cv-00793-FB (W.D. Tex. Oct. 8, 2014) (dismissed as frivolous); *Wright v. Williams-Tillman*, No. 5:14-cv-00794-OLG (W.D. Tex. Sept. 26, 2014) (dismissed as frivolous); *Wright v. Riggins*, No. 5:14-cv-00312-DAE (W.D. Tex. Aug. 13, 2014) (dismissed as frivolous), *app. dismissed*, No. 14-50914 (5th Cir. Oct. 3, 2014); *Wright v. Boyd Bros. Transp.*, No. 5:14-cv-00302-DAE (W.D. Tex. July 2, 2014) (dismissed for failure to state a claim), *app. dismissed*, No. 14-50915 (5th Cir. Oct. 3, 2014); and the Northern District of Texas: *Wright v. Freed*, No. 3:15-cv-00801-N-BF (N.D. Tex. May 26, 2015) (dismissed as frivolous); *Wright v. Dallas Texas NSA*, No. 3:14-cv-02276-G-BN (N.D. Tex. July 21, 2014) (dismissed as frivolous); *Wright v. Transp. Infrastructure Oversight Committee*, No. 3:13-cv-02166-L-BH (N.D. Tex. Dec. 18, 2013) (dismissed for failure to serve process); *Wright v. Dallas TX Nat'l Sec.*, No. 3:13-cv-04123-G-BN (N.D. Tex. Nov. 8, 2013) (dismissed as frivolous); *Wright v. Carter*, No. 3:12-cv-03173-N (N.D. Tex. Oct. 26, 2012) (dismissed for failure to prosecute).

**shall file a motion seeking certification from a U.S. Magistrate Judge that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. The motion for certification must be accompanied by Wright's proposed complaint. The Clerk shall file any motion for certification and proposed complaint submitted by Wright as a new case but shall not issue process unless a Magistrate Judge issues the required certification and directs that process be issued.**

Pursuant to Federal Rule of Appellate Procedure 24(a), it is CERTIFIED that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                           s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE